www.rodgersch13.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

In Re:   Workman, Julie M.

Case #: __11-01294 jdg__
Chapter 13
Hon.
Filed:

Debtor(s)

## CHAPTER 13 PLAN

( X )Original or (   )Amendment No.:_____   (   )Pre-Confirmation  (   )Post- Confirmation

**I.   GENERAL PROVISIONS**

This Plan will use the term "Debtor" to refer to the person or both persons who filed the Petition in this case.  Terms listed after a "( )" are applicable only if the box is checked. **TERM KEY - the following terms may be referred to as abbreviations throughout the Plan:** Interest = Int; Adequate Protection = A/P; Principal = Pr; Taxes = Tx; Insurance = Ins; Within = W/I; Inside Plan = I/S (means paid by Trustee); Outside Plan = O/S (means paid direct by Debtor); Monthly = MO; Pre-Petition = Pre-Pet; Post-Petition - Post-Pet; Payment = Pymt; Domestic Support Obligation = DSO; Confirmation = Conf; Fair Market Value = FMV; Secured = Sec; Unsecured = Uns; Claim = Clm; Amount = Amt; Arrears = Arrs; Estimated = Est; Applicable Commitment Period = ACP;  and Optional = Opt.

    **A.  APPLICABLE COMMITMENT PERIOD - 11 U.S.C. §1325(b)(4)**

( X ) The applicable commitment period is 60 months.
(    ) The applicable commitment period is 36 months.

    **B.   PLAN PAYMENT**   The Debtor submits all or such portion of the Debtor's future income to the control of the Trustee as in, or may be necessary for the execution of the Plan. The Debtor, or the Debtor's employer shall pay to the Trustee the sum of $___285.00____ per (  )week, (  )bi-weekly, (  )semi-monthly, ( X ) monthly, or (  ) other. (If proposing a step payment or a liquidating Plan, mark "Other" and the provide terms in

"Other Plan Provisions" as set forth below.  **Pursuant to 11 U.S.C. §1326 the Debtor shall commence making payments not later than 30 days after the date of the filing of the Plan or the Order for Relief, whichever is earlier.**

The Debtor shall submit all disposable income directly to the control and supervision of the Trustee.  If the Debtor becomes 30 days delinquent in making payments under the Plan, the Trustee may submit a payroll order to the Clerk with an appropriate affidavit (copies to the Debtor and Debtor's counsel) and the Court may enter the payroll order without further hearing.  The Debtor shall notify the Trustee immediately of any change of employment until the Plan is completed.

( ) **Other Plan Payment Provisions:**

C. **LIQUIDATION TEST**  The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value as of the Petition date of the amount that would be paid on such a claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

D. **DISPOSABLE INCOME & TAX REFUNDS**  If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, the Debtor agrees to pay into the Plan all disposable income as defined in 11 U.S.C. §1325(b)(1)(B) and (2) for the term of the Plan, including but not limited to: income tax refunds, property tax credits, gambling winnings, inheritances, judgments, settlements, etc. received during that period.  The Debtor agrees to maintain the same level of exemptions as when the case was filed except as dictated by a change in the dependency allowance(s) and/or marital status.  The Trustee shall have the discretion to increase the percentage to the unsecured creditors as a result of additional payments made under this provision.  The Trustee shall have the discretion and authority to determine if tax refunds or other sources of income are not disposable income provided the Debtor provides the Trustee with supporting documentation and submits a Stipulation.

E. **BALLOON PAYMENT**  The Debtor shall remit such additional sums as may be necessary to complete payments required under the Plan within 60 months from confirmation. This provision is not in lieu of or a substitute for regular Plan payments.

F. **VESTING OF ESTATE PROPERTY**  Upon confirmation of the Plan, pursuant to 11 U.S.C. §1327(b) all property of the estate shall (x) vest in the Debtor, except for: (I) the future earnings of the Debtor; (ii) additional disposable income as defined in ¶ID; and (iii) other property necessary to the Plan (including personal and real property as defined in the Plan and any associated insurance proceeds which may be used by the Debtor, with Court approval, to purchase replacement collateral.)  Or ( ) shall remain property of the estate.  In any event, all property in which the Debtor retain possession and control shall be insured by the Debtor.  The Chapter 13 Trustee shall have no responsibility to insure assets and shall have no liability for damage or loss to any property which is in the possession and control of the Debtor.  11 U.S.C. §348(f)(1) remains effective in the event of a conversion to another chapter.

G. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT & DISPOSAL OF PROPERTY**  During the term of this Plan, the Debtor shall not incur post-petition debts in excess of $1,000.00 without first obtaining approval from the Court and may not dispose of any real or personal property with a value greater than $1,000.00 without first obtaining the consent of the Court pursuant to 11 U.S.C. §364.

H. **UNSCHEDULED CREDITORS FILING CLAIMS**  If a creditor's claim is not listed in the schedules, but the creditor files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan and to pay the claim within the class, unless the claim is disallowed.

I. **ALLOWANCE OF LATE FILED CLAIMS**  Any claim that is filed late by unscheduled or omitted pre-petition creditor(s) due to failure to receive notice of the

Bankruptcy Petition filing may be allowed as timely filed, subject to the right of any party in interest to file an objection.  If a late filed claim is allowed that may not be subject to a Claims Bar Date (i.e. a deficiency claim following the liquidation of collateral), the Chapter 13 Trustee shall not be required to seek the return of prior disbursements to creditors in order to comply with the equal distribution provision of the Plan.

  **J.** **PLAN REFUNDS**  The Trustee may in the exercise of his or her duties to assist the Debtor in the performance under the Plan, grant reasonable refunds to the Debtor from the funds paid to the Trustee but not distributed to the Creditors, to meet emergency situations which may arise during the course of the plan.  The Plan duration shall be extended to the extent necessary to repay all refunds granted.   The Debtor shall file a Stipulation of Plan Refund setting forth the specifics as to the basis for a refund.

  **K.** The Debtor shall comply with all requirements of 11 U.S.C. §1322 and §1325.

  **L.** **TRICKETT NOTICE**
  (   ) Applicable if Debtor is taking the State Entireties Exemption and joint claims must be paid in full.
  The Debtor has claimed the "State Exemptions" pursuant to 11 U.S.C. §522(b)(2) and M.C.L.A. §600.5451(1)(o) and M.C.L.A. §600.6023(a) in regard to certain real property owned by the Debtor and his or her spouse as tenants by the entireties.  Under State law, however, such property may not be exempt as to creditors who hold a joint claim against the Debtor and his or her spouse.  As a result, allowed joint creditors shall be paid the full amount of the claim, regardless of the dividend or distribution to other general unsecured creditors.

  Creditors are advised that they have until the claims bar date set forth in the "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines"

4

(specifically, the deadline to file a Proof of Claim) to file a Proof of Claim in this Bankruptcy proceeding which must be clearly marked as a "JOINT CLAIM" provided the creditor has a joint claim against the Debtor and his or her spouse.  Such claims must attach supporting documentation and must be filed according to the instructions on the Proof of Claim form.

**II.     PRIORITY OF PAYMENT OF CLAIMS:**

**A.**   Unless otherwise specifically stated in the Plan in Provisions III - VII, the Chapter 13 Trustee shall disburse the funds received in the following priority:

**1.**  Unpaid filing fees;

**2.**  Chapter 13 Trustee's Administrative Expenses;

**3.**   Monthly payments on any domestic support obligation entitled to priority pursuant to 11 U.S.C. §507(a)(1);

**4.**  Pre-confirmation adequate protection payments pursuant to 11 U.S.C. §1326(a)(1) provided such payments are to be made through the Trustee and there is an order authorizing such payments or pursuant to the applicable Local Bankruptcy Rule.

**5.**   Attorney fees and expenses, as allowed by the Order Confirming the Plan or such additional attorney fees as are awarded pursuant to an Order of the Court, unless there are secured claims for which monthly payments are provided for in the Plan, including but not limited to, monthly mortgage payments, lease or executory contract payments, secured creditors with equal monthly payments, and adequate protection payments.  In such event, the attorney fees will be paid after such payments have been made until the attorney fees and expenses have been paid in full.

**6.**   Any additional funds remaining, after payments described above, shall be paid monthly to secured creditors for which no monthly payment is designated, or shall be paid pro rata with other secured creditors.

    **7.**  Any funds remaining, after payments described above, shall be paid monthly to priority claims on a pro rata basis.

    **8.**  Any funds remaining after payments described above shall be paid to allowed general unsecured claims on a pro rata basis.

**III.**    **TREATMENT OF CLAIMS**

    **A.**    **ADMINISTRATIVE PRIORITY CLAIMS.**  The Debtor shall pay in full, in deferred cash payments all allowed claims entitled to priority under 11 U.S.C. §507.

    **1.**  The Trustee shall be paid the percentage fee set forth from time to time by the U.S. Department of Justice, Executive Office of the U.S. Trustee.  Such fee shall be taken on all Plan receipts at the time funds are distributed by the Trustee to any party other than the Debtor.

    **2.**  The Counsel for the Debtor has received a retainer of $ _901.00_ prior to the filing of the case.  The balance of attorney fees in the amount of $___2099.00___ plus any additional attorney fees as may be allowed are to be paid as an administrative expense through the Plan as follows:

    **a.**  ( x )  After payment of filing fees and Trustee fees Counsel for the Debtor shall be paid a minimum of $___250.00__ upon confirmation and __20_% of specified monthly Plan payment received by the Trustee until paid in full.

    **b.**  (   )  After payment of filing fees and Trustee fees Counsel for the Debtor shall be paid all remaining available funds not specifically designated for monthly payments on DSO obligations, monthly mortgage payments, lease and executory contracts, adequate protection payments, or monthly equal payments to secured creditors.

    **B.**    **OTHER PRIORITY CLAIMS**.

    **1.**    **Domestic Support Obligation (DSO).**

    **a.**  Post-petition DSO shall be paid as follows and before all other priority creditors:

( ) Within the Plan by the Trustee.  These claims consist of the following DSO recipient(s):

| Name | Amount / Freq | Start Date | End Date | Age of Child(ren) |
|---|---|---|---|---|
| | | | | |

( ) The Debtor is current on the DSO and will pay the DSO recipient directly.  The Debtor will comply with 11 U.S.C. §1325(a)(8) and shall, prior to confirmation of the Plan, provide the Trustee with an affidavit or other evidence (i.e. wage deduction, a statement from Friend of the Court, or a statement from the recipient) that all post petition, pre-confirmation, DSO payments are current.

   **b.** Pre-petition DSO which are in arrears as of the petition date shall be paid:

( ) within the Plan by the Trustee.  These claims consist of the following DSO recipient(s):

| Name | Amount |
|---|---|
| | |

( ) directly by the Debtor by consent of the parties.

  **2.** **Priority Tax Claims,** are allowed claims entitled to priority under §507 and shall be paid in full, in deferred cash payments, on a pro rata basis, but subsequent to the payment of all secured claims.  Unscheduled or omitted priority claims shall be paid in full, unless an objection is filed by an interested party.  Post petition priority claims shall be paid in full pursuant to 11 U.S.C. §1305(a)(1) and (b), unless an objection is filed by a party in interest. These claims consist of the following creditors, and the amount stated is an estimate only, the claim shall control as to the amount of the debt, absent an objection:

| Creditor | Est. Amount | Nature of Debt |
|---|---|---|
| | | |

    **3.** **Other Priority Claims or Payment Provisions**:

**C.** **SECURED CREDITORS**

    **1.** **Lien Retention:** Pursuant to 11 U.S.C. §1325(a)(5)(B), all holders of allowed secured claims provided for by the Plan shall retain the lien securing such claim until the earlier of (I) the payment of the underlying debt determined under applicable non-bankruptcy law; or (ii) a discharge pursuant to 11 U.S.C. §1328, and if the case under this Chapter is dismissed or converted without completion of the Plan, such lien shall be retained by such holder to the extent recognized by applicable non-bankruptcy law. Except, that a holder of an allowed secured claim in which the last payment is due after the date on which the final payment to the plan is due shall retain its lien pursuant to applicable State Law following the entry of the discharge.

**2.** **Real Property Subject To A Lien**:

    **a.** **Residential Real Property: Post Petition Mortgage Payments & Pre Petition Arrears.**

| Creditor Name | Pd I/S or O/S | Est. Ongoing Pymt | Est. Arrear |
|---|---|---|---|
|  |  |  |  |

The following is the common address and the tax id parcel # for the Debtor's residential real property:

    **b.** **Non-Residential Real Property: Post Petition Mortgage Payments & Pre Petition Arrears.**

| Creditor Name | Pd I/S or O/S | Est. Ongoing Pymt | Est. Arrear |
|---|---|---|---|
|  |  |  |  |

The following is the common address and the tax id parcel # for the Debtor's non - residential real property:

 

      c.  **Other Provisions:**

       (i)   Unless otherwise stated, the post petition mortgage payment(s) shall commence on the first day of the month following the Petition Date.

       (ii)   The pre petition arrearage is an estimate and the Trustee shall pay the pre petition arrears based on the claim as filed by the Creditor.  Any claim filed for pre petition arrears shall be paid through the Plan over a reasonable period of time and pro rata with other secured creditors.

       (iii) If the post petition, ongoing mortgage payment, is paid through the Plan, the Trustee is authorized to modify the ongoing mortgage payment upon notification by the mortgage holder of any payment change.  The Trustee is also authorized to automatically increase the Plan payment by an amount sufficient to cover any increase in such payment and the additional Trustee's fee.  The Trustee may amend a wage order to include any such increase with notice to the employer, Debtor and Counsel for the Debtor.  If a mortgage or land contract is being paid by the Chapter 13 Trustee,  the Trustee may adjust the date post petition mortgage or land contract payments commence or the date the arrears is calculated "through" to coincide with any pre petition mortgage or land contract arrearage claim filed by the mortgagee or land contract vendor.

       (iv)  The ongoing monthly payment (  ) does include an escrow for insurance and real property taxes; or  (  ) does not include an escrow for insurance and real property taxes.

      d.     **Pre-Petition Real Property Tax Claims.**   Claims in this Class consists of those taxing authorities having a lien upon real property pursuant to applicable State law.  Such claims shall be paid pro-rata with other secured claims, and subsequent to the post petition ongoing mortgage payment(s).  Creditors in this Class

shall retain its lien on the real property pursuant to applicable State law and shall be entitled to receive its statutory interest and collection fees as set forth on its Proof of Claim.

| **Taxing Authority** | **Amount** | **Delinquent Tax Years** |
|---|---|---|
| | | |

    e. **Real Property Tax Escrow:**

( ) The Debtor elects to utilize a tax escrow through the Plan.  The Trustee will escrow $_____ per month for the payment of future property taxes on the Debtor's residence.  The escrow funds will be disbursed upon the Trustee's receipt of a real estate tax bill.  It is the Debtor's responsibility to timely forward the tax bill to the Trustee to enable the Trustee to pay the real property taxes due.  It is the Debtor's responsibility to verify that such taxes are paid each year until the Plan is completed.

    f. **Creditors Whose Mortgage is Wholly Unsecured.**  This Class consists of those creditors having a debt secured by a mortgage on the Debtor's residential real property for which there is no equity to secure its claim.  This claim(s) is subject to being stripped and its claim reduced to a general unsecured claim.  Upon the entry of a discharge by the Court the Debtor may record, with the appropriate County Register of Deeds, this Plan and Order Confirming as evidence that the lien is discharged.   Those creditors are as follows:

| **Name of Creditor** | **Est. Claim** | **FMV of Real Property** | **Aggregate Amount of Senior Liens** |
|---|---|---|---|
| | | | |

This is the Debtor's estimate as to the amount owing to the creditor.  The claim shall control as to amount of the debt, subject to an objection filed by a party in interest.

The §1325(a)(5)(B) lien retention language in Paragraph III.C.1 above applies to this section so the secured creditor subject to the lien stripping shall retain their lien until this case is discharged under §1328 and if this case is dismissed or converted without

completion of the plan such lien shall be retained by such holder to the extent recognized by applicable non-bankruptcy law.

### 3. Personal property

**a. Collateral Destroyed:** If the collateral retained by the Debtor is subsequently destroyed the Debtor may use the insurance proceeds from such collateral to purchase substitute collateral of equal or greater value and the creditor's lien shall attach to the replacement collateral. The Debtor must file a Motion or obtain a consent Stipulation from the secured creditor and Trustee.

**b. Secured Claims Subject to 11 U.S.C. §506.** Each secured creditor in this class shall retain its lien as described in paragraph III.C.1. above and shall be paid as secured to the fair market value of the underlying collateral as set forth below. Each secured creditor shall be paid pro-rata with other secured claims unless otherwise indicated below. The excess of any secured claim over the fair market value of the collateral shall be paid as a general unsecured claim. The below secured payments shall be in equal monthly amounts; and the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan. All creditors in this Class are to receive the equal monthly payments pursuant to 11 U.S.C. §1325(a)(5) as listed below, plus an additional pro rata amount that may be available from funds on hand. Claims in this Class shall receive the interest rate specified below.

| Creditor, Address & Account # | Collateral | FMV | Int % | Equal Monthly Pymt |
|---|---|---|---|---|

**c. Secured Claims Not Subject to 11 U.S.C. §506 (Vehicles purchased within 910 days or other personal property purchased within 1 year prior to filing).** Each secured creditor in this class shall retain its lien as set forth in

paragraph III.C.1. above.  Each secured creditor in this Class has a lien on a vehicle acquired for the personal use of the Debtor and the debt was incurred within 910 days; or as to other personal property acquired for personal use of the Debtor within 1 year prior to the filing of the Petition.  Such a claim is not subject to cramdown and will be paid the full balance owing.  Claims in this Class shall receive the interest rate specified below.

| Creditor, Address & Acct # | Collateral | Balance Owing | Int % | Equal Monthly Pymt |
|---|---|---|---|---|

   d. **Pre and Post Confirmation Secured Payments under paragraphs III C.3. b & c. above:**  All creditors listed above are to receive the equal monthly payments as listed per the month, during the life of the Plan plus an additional pro rata amount that may be available from funds on hand.  If the creditor files a claim with a "balance owing" which is different that the amount listed above, the claim shall control as to the amount of the debt, unless a party in interest objects to the claim. If the Trustee is to make pre-confirmation adequate protection payments to a secured creditor the name, address, account number and payment amount has been provided above as required by Local Bankruptcy Rule 3016.  However, the Trustee will not disburse an adequate protection payment until a proof of claim has been filed and a Court Order authorizes the disbursement.  Payments to secured creditors pursuant to ¶ III C.3. b & c shall commence within 30 days from the Petition Date, unless otherwise provided for by the Plan.  Such payments shall be made on the first day of the month following the Petition Date.

   4. **Collateral to Be Surrendered:** The following collateral will be surrendered to the creditor; the stay shall be terminated effective upon entry of the order confirming plan; and any deficiency shall be treated as a general unsecured claim:

| Creditor | Collateral Description |
|---|---|

Chase Home Finance LLC		2755 M Dr. South, Athens MI 49011

Provident Funding Associates,	151 Winter St., Battle Creek, MI 49015


**D.	EXECUTORY CONTRACTS**

1. **Land Contracts**:

    a. The Debtor will assume the following land contract(s) and the pre-petition defaults on assumed land contracts shall be treated as follows:

**Creditor**		**Paid I/S	Est. Pre-Pet Arrs	Monthly Pymt	Ongoing Pymt	Int %**
			**or O/S				To Cure Arrs**

Unless otherwise stated, the start date for post petition payments and to cure pre petition arrears will commence on the first day of the next month following the Petition Date.  The arrears set forth above is an estimate only and the proof of claim shall control as to the total balance due, the monthly payment amount, the amount of the arrears and the number of months remaining unless a party in interest files an objection to the claim.

    b. The Debtor will reject the following land contract(s):


2. **Other Executory Contracts** - The Debtor has the following executory contracts, which may include tenancy leases, vehicle leases, so called rent-to-own contracts and the like which shall be treated as follows:

**Creditor	Property	Assume or	Pymt	# of Months	Paid I/S or**
**& Acct #	Description	Reject	Amount	Remaining	O/S**

The proof of claim shall control as to the total balance due, the monthly payment amount, the amount of the arrears and the number of months remaining unless a party in interest files an objection to the claim.

    **E.**    **TERMINATION OF THE AUTOMATIC STAY.**  If a secured Creditor or Lessor obtains an Order terminating the automatic stay at anytime during these proceedings (either pre confirmation or post confirmation) the Trustee shall make no further payments to the Creditor unless the Order terminating the automatic stay states otherwise.

    **F.**    **UNSECURED CREDITORS**

    **1.**    **General Unsecured Creditors**: Claims in this class are to paid from funds available after the dividends to secured and priority creditors and monthly payments to creditors indicated in the classes above.  The payment allowed to the general unsecured claimants will be satisfied by:

( )    a) Payment of a dividend of 100%.  Plus present value of ____%, if necessary to satisfy the "Best Interest of Creditors" Test.

( )    b) Payment of a pro-rata share of a fixed amount of $_____ set aside for creditors in this class or a plan term of _____ months,  whichever pays more.

(X)    c) Payment of that amount remaining after payment of superior classes as set forth above.  Payment to this class shall be on a pro rata basis.  The term of the Plan shall be _60_ months.  The estimated base is $_14000.00_.

( )    d) A dividend of not less than ___% or the Applicable Commitment Period, whichever pays more.

    **2.**    **Special Unsecured Creditors**:  Claims in this class may include debts co-signed by an individual other than the Debtor, debts for non-sufficient funds (NSF) checks, for continuing professional services or debts that may be non-dischargeable such as student loans or criminal fines:    If the ACP is 36 months claims

will be paid and will be disbursed pro-rata with the unsecured creditors for the first thirty-six (36) months of the Plan and then paid in full over the remaining term of the Plan.

**Creditor**               **Reason For Special Treatment** **Interest Rate**

( ) The following special unsecured claim(s) are an exception pursuant to 11 U.S.C. §1301 and shall be paid as follows:

### IV.    IV. SPECIAL PROVISIONS

**A.**            **A. Tax Returns**; all tax returns which have become due prior to the filing of this case have been filed, except as follows:

**B.**            **B. Debtor Engaged in Business.** If the Debtor is self-employed and incurs some trade credit in the production of income or has employees, the Debtor will comply with:

   **1.**   11 U.S.C. §1304b) and c) regarding operation of the business and duties imposed on the Debtor are incorporated herein by reference.

   **2.**   The provisions of the Order Regarding Continuation of Business Operations entered by the Court, including but not limited to filing with the Trustee such business reports, income tax returns, and any other such documentation regarding the operation of the business as may be required by the Trustee on a monthly basis or otherwise.

   **C.   Effect of Additional Attorney Fees Beyond the "No Look Fee."** If disbursements to general unsecured creditors have been made and a Counsel for the Debtor files a subsequent fee application in an amount that would cause the amount already paid to general unsecured creditors to result in an over payment, the additional attorneys fees as awarded pursuant to an Order of the Court shall be paid as administrative claim and shall not be paid out of the base already disbursed to general unsecured creditors.  In addition, the Chapter 13 Trustee shall not have to recover

monies disbursed to general unsecured creditors prior to the issuance of an Order for additional attorney fees.

        **D.** **Effect of Allowed Late Filed Claims and Amended Claims.** If disbursements to general unsecured creditors have been made and subsequently a late filed claim is allowed or a secured creditor amends a previously filed claim to a general unsecured deficiency claim in an amount that would cause the amount already paid to general unsecured creditors to result in an over payment, such claim shall be paid the same dividend as previously paid general unsecured claims even if the base to general unsecured claims exceeds the amount stated in the confirmed Plan.  In addition, the Chapter 13 Trustee shall not have to recover monies disbursed to general unsecured creditors as a result of such additional claims filed or amended.

**V. OTHER PLAN PROVISIONS NOT SEPARATELY SET FORTH ABOVE:**

        **A.   TRUSTEE'S AVOIDANCE POWERS.**  The Debtor(s) acknowledges that both pre and post confirmation the Trustee has certain avoidance powers pursuant to §544, §545, §547, §548, §549, and §550.  The Debtor(s) acknowledges that any action(s) brought by the Trustee, either pre or post- confirmation, pursuant to these avoidance powers is preserved for the benefit of the Estate pursuant to §551.  The Trustee may bring any avoidance action within the period of time set forth in §546.

        **B. MISC. PROVISIONS:**


Date:  2/11/2011                                        /s/  Workman, Julie M.
                                                                  Workman, Julie M., Debtor


Date:  2/11/2011                                        /s/  R.  Todd Redmond

                                        R. Todd Remond , Counsel for the Debtor

Revised 1/27/10